

Roger L. Fidler (RF 9997)
126 E. 83rd Street, Suite 3B
New York, NY 10028
Ph: (201) 670 – 0881
Fax: (201) 670 – 0888

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF NEW YORK

HENRY FRED STEENECK, as Guardian Ad litem : of HENRY WILLIAM STEENECK

:
:
:

           Plaintiff,

:
:
:

    - against -

:
:

TOWN OF YORKTOWN, YORKTOWN POLICE : DEPARTMENT, WESTCHESTER COUNTY, WESTCHESTER COUNTY POLICE DEPARTMENT and JANE and/or JOHN DOES 1-12, individually and in their official capacity, jointly and severally,

:
:
:
:
:

           Defendants.

:

**AMENDED COMPLAINT**

**Civil Action No.: 08 Civ. 6316**

**HON. JUDGE KARAS**

JURY TRIAL DEMANDED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

In this action, Plaintiff HENRY FRED STEENECK by and through his attorney, Roger L. Fidler, Esq. alleges as follows:

## JURISDICTION AND VENUE

1.    This is a civil action, brought under 42 U.S.C. §§ 1983, 1985 and 1986 and 28 U.S.C. § 1343, in which Plaintiff seeks damages for violation of his rights to be free from warrantless search, false arrest, false imprisonment, refusal to prevent an unlawful search, neglect to prevent said unlawful search, malicious abuse of process, due process violations, defamation, invasion of privacy and intentional infliction of emotional distress by and between the Town of Yorktown, the Yorktown Police Department

("YPD"), Westchester County, Westchester County Police Department and certain private individual defendants named herein.

2.      Venue is proper in this district pursuant to 28 U.S.C § 1391 (b) because the Southern District of New York is the district in which the Plaintiff's claims arose.

3.      This Court has supplemental jurisdiction over Plaintiff's state constitutional and state law causes of action that are so related within the federal claims in that they form a part of the same case or controversy pursuant to 28 U.S.C. § 1367 (a).

4.      Jurisdiction of this Court for the pendent claims is also authorized by FRCP 18 (a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

## PARTIES

5.      Plaintiff is a 90 year old man, who was and still is, a resident of New York during all relevant times of this action, and resides at 2680 Old Yorktown Road, Yorktown Heights, NY 10598.

6.      At all times hereinafter mentioned, Defendant, the TOWN OF YORKTOWN (herein "Yorktown"), was a municipal corporation duly organized and existing pursuant to the laws of the State of New York, with general offices located at 363 Underhill Avenue, Yorktown Heights, NY.   Yorktown is responsible wholly and/or in part for the promulgation, implementation, and/or enforcement of the policies, procedures, and practices and/or customs complained of herein implemented through its various agencies, agents, departments, and employees, and/or condoned, acquiesced in, adopted, and/or approved the same, through their acts and/or failures to act resulting in injury occasioned thereby.

7.      Yorktown is ultimately responsible for its Departments, and assumes the risks incidental to the maintenance of its departments and their employees.

8.      Yorktown is authorized by law to maintain defendant YORKTOWN POLICE DEPARTMENT ("YPD"), which acts as its agent in the area of law enforcement.  Upon information and belief, certain Doe Defendants, members of the YPD, were duly appointed Yorktown police officers/detectives or County of Westchester police officers/detectives of unknown rank, acting under color of the statutes, ordinances, customs, and usage of the State of New York, Town of Yorktown, and the YPD.

9.      Defendant WESTCHESTER COUNTY is a governmental subdivision created under the laws of the State of New York. The WESTCHESTER COUNTY POLICE DEPARTMENT by and through the WESTCHESTER DEPARTMENT OF PUBLIC SAFETY is a division of the Westchester County government.

10.      Upon information and belief, DEFENDANTS JOHN AND JANE DOES 1 THROUGH 12 (herein "Doe Defendants") are individuals whose names and addresses are presently unknown.  The fictitious names are placeholders in this Notice of Claim.

11.      Upon information and belief, at all times relevant to this Notice of Claim, Yorktown and/or Westchester County is and was the public employer of Doe Defendants 1 through 12.

12.      At all times relevant herein, Defendants acted and/or failed to act maliciously, intentionally, knowingly, with a deliberate indifference to or a reckless regard for the natural and probable consequences of their acts and/or omissions with respect to the unconstitutional conduct alleged herein.

## FACTUAL ALLEGATIONS

13.     Plaintiff, Henry Steeneck repeats and re-alleges paragraphs 1 through 12 as if fully set forth herein.

14.     At approximately 8 o'clock in the morning, on July 12, 2007, a force of more than a dozen law enforcement personnel, YPD police officers, Westchester county sheriff's officers, and members of the Federal Bureau of Investigation, forced their way into Plaintiff's home at 2680 Old Yorktown Road, Yorktown Heights, NY 10598 and executed an unlawful and warrantless search of Plaintiff's home.

15.     Doe Defendants did not ask whether they may enter.   A number of officers entered through the front door and intrusively came into the residence over Plaintiff's objections as they forcibly restrained Plaintiff.

16.     At that time, a certain number of Doe Defendants inquired about documents regarding a separate and unrelated case in connection with Plaintiff's grandson.  Plaintiff did answer each and every question asked by the officers under duress.

17.     Some time thereafter, Plaintiff's caretaker tried to enter the home, but Defendants refused to let her enter.

18.     The Defendants searched the residence while Plaintiff's freedom of movement was curtailed against his wishes.

19.     The Defendants disrupted the entire home and searched every possible hiding place causing the house to be disorganized and in disarray.

20.     No items were seized.

21.     Soon thereafter, Defendants left the premises.

## COUNT ONE
VIOLATION OF PLAINTIFF'S
FOURTH AND FOURTEENTH AMENDMENT
RIGHTS

22.     Plaintiff, Henry Steeneck repeats and re-alleges paragraphs 1 through 20 as if fully set forth herein.

23.     By violating Plaintiff's constitutional right to be free from unreasonable searches and seizures and forcibly entering without Plaintiff's consent to a warrantless search of his home, Defendant violated and will continue to violate the rights of Plaintiff under the Fourth and Fourteenth Amendments to the United States Constitution.

24.     In taking all actions alleged in this Notice of Claim, Defendants acted pursuant to a formally adopted policy and with deliberate indifference to Plaintiff's rights.

25.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered a distinct and actual injury to his rights, including without limitation being forced to forego a lawful activity and/or privilege for refusing to waive his right to be free from a search of his home other than on a warrant based on probable cause as determined by a neutral and detached judicial officer.

26.     The actions of Defendants' caused Plaintiff unlawful imprisonment, stress, embarrassment, mental anguish and humiliation.

WHEREFORE, Plaintiff demands a judgment against all Defendants for a monetary award for compensatory damages totaling five million dollars ($5,000,000.00) and punitive damages in an amount to be determined at trial.

## COUNT TWO
VIOLATION OF
NEW YORK CONSTITUTION § 11

27.     Plaintiff, Henry Steeneck repeats and re-alleges paragraphs 1 through 26 as if fully set forth herein.

28.     At all times relevant herein, the conduct of all Defendants were subject to the New York Civil Rights Act § 11.

29.     Defendants interfered with or attempted to interfere by threats, intimidation, or coercion, with Plaintiff's exercise and enjoyment of his rights, e.g. his rights to his liberty, his right to occupy his real property, his home, and his right to due process secured by the state and federal constitutions or laws of the United States and/or New York State.

30.     In taking all actions alleged in this Notice of Claim, Defendants acted pursuant to a formally adopted policy and with deliberate indifference to Plaintiff's rights.

31.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered a distinct and actual injury to his rights, including without limitation being forced to forego a lawful activity and/or privilege for refusing to waive his right to be free from a search of his home other than on a warrant based on probable cause as determined by a neutral and detached judicial officer.

32.     Defendants, Yorktown, YPD, Westchester County and the Westchester County Police Department are liable under the doctrine of respondeat superior.

33.     As a direct and proximate result of the conduct of the Defendants, Plaintiff was intimidated and put in continuing anxiety and has suffered damages including but not limited to the aforesaid damages.

WHEREFORE, Plaintiff, HENRY STEENECK demands judgment against all Defendants for actual, special, compensatory damages totaling five million dollars ($5,000,000.00) and punitive damages to be determined at trial, and attorney's fees.

## **COUNT THREE**
### VIOLATION OF 42 U.S.C §§ 1983, 1986
### REFUSING TO PREVENT UNLAWFUL SEARCH

34.    Plaintiff, Henry Steeneck repeats and re-alleges paragraphs 1 through 33 as if fully set forth herein.

35.    At all times relevant to this Notice of Claim, certain Doe Defendants, members of the Yorktown Police Department were acting under the direction and control of Defendant, Town of Yorktown ("Yorktown").

36.    Acting under color of law and pursuant to official policy or custom Doe Defendants and Yorktown knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis Defendant police officers in their duties to refrain from:

(a)    unlawfully and maliciously harassing Plaintiff, who was acting in accordance with his constitutional and statutory rights, privileges and immunities;

(b)    unlawfully and maliciously confining Plaintiff, who was acting in accordance with his constitutional and statutory right, privileges, and immunities;

(c)    depriving Plaintiff of his constitutional and statutory rights to be free from unreasonable searches and seizures, his privileges and immunities.

37.    Defendants had knowledge or, had they diligently exercised their duties to instruct, supervise, control and disciple on a continuing basis, should have had

knowledge that the wrongs as heretofore alleged, that were committed or that were about to be committed.

38.    All of the Defendants had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

39.    All of the Defendants directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant police officers heretofore described.

40.    Yorktown, YPD, Westchester County and the Westchester County Police Department are liable under the doctrine of respondeat superior.

41.    As a direct and proximate cause of the negligent and intentional acts of Defendants as set forth above, Plaintiff, HENRY STEENECK suffered mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C § 1983.

WHEREFORE, Plaintiff, HENRY STEENECK demands judgment for refusing or neglecting to prevent against all the Defendants jointly and severally, for actual, general, special, compensatory damages and further demands judgment against each of said Defendants, jointly and severally, for five million dollars ($5,000,000.00), for punitive damages to be determined at trial, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT FOUR
VIOLATION OF 42 U.S.C §§ 1983, 1986
NEGLECTING TO PREVENT UNLAWFUL SEARCH

42.    Plaintiff, Henry Steeneck repeats and re-alleges paragraphs 1 through 41 as if fully set forth herein.

43.    On July 12, 2007, Doe Defendants, who were members of the YPD and/or Westchester County Police Department maliciously, and without probable cause, conducted an unlawful search of Plaintiff's home and further caused him to be falsely imprisoned within the confines of his home.  The Defendants' belief and/or suspicion that documents related to a separate and distinct case would be found in Plaintiff's home, and nothing more, ultimately became the only significant evidence subjecting Plaintiff to an improper, baseless, and unlawful search in his residence.

44.    The Defendants' beliefs or suspicions, as mentioned above, were not based upon probable cause, that is, the state of the facts, in the mind of a Prosecutor, would not lead a man of ordinary caution and prudence to believe, or entertain an honest or strong suspicion that Plaintiff was involved in assisting in any criminal activity.

45.    Defendants, Westchester County Police Department and the YPD, had a duty to ascertain whether Defendants presented a legitimate claim to pursue.  In other words, said Defendants were required to ascertain the status of a search warrant against Plaintiff and whether there existed probable cause to search Plaintiff's person and his home.

46.    All of the municipal Defendants breached said duties by failing to make reasonable inquiries before initiating proceedings against Plaintiff, in reckless disregard

9

of the rights of Plaintiff, displaying an unjustified and complete lack of supervision and control.

47.     As a result of the aforementioned occurrence, Plaintiff was deprived of his civil rights under the Constitution of the State of New York and the Constitution of the United States, as well as other State ordinances statutes, codes and rules, including 42 U.S.C.A. §§ 1981, 1983, 1985 and 28 U.S.C.A. § 1343.

48.     As a direct result of defendants causing Plaintiff to be subjected to an unlawful search and seizure, maliciously and without probable cause, Plaintiff has suffered grievous loss and damage to Plaintiff's good name, reputation, and credit and Plaintiff has suffered extreme mental anguish and physical discomfort.

49.     As a further direct result of defendant's wrongful actions, Plaintiff was compelled to incur reasonable and necessary attorney fees in this action, to Plaintiff's damage.

50.     Because of all of the defendant's malicious actions and intent to injure Plaintiff, Plaintiff is entitled to exemplary damages.

WHEREFORE, Plaintiff HENRY STEENECK demands judgment against all Defendants for actual, special, compensatory damages to be just, fair, and appropriate.

### COUNT FIVE
MALICIOUS ABUSE OF PROCESS

51.     Plaintiff, Henry Steeneck repeats and re-alleges paragraphs 1 through 50 as if fully set forth herein.

52.     All of the Defendants maliciously used a legal process to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed.

53.    All of the Defendants knew or should have known that the charges were groundless and they sought to use the process for an ulterior and/or arbitrary purpose.

54.    Defendants Yorktown, YPD, Westchester County and the Westchester County Police Department are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff, HENRY STEENECK demands judgment against all Defendants for actual, special, compensatory damages, in an amount deemed at time of trial to be just, fair and appropriate.

## COUNT SIX
### FALSE IMPRISONMENT

55.    Plaintiff, Henry Steeneck repeats and re-alleges paragraphs 1 through 54 as if fully set forth herein.

56.    At all times relevant herein:

(a)    All of the Defendants imposed, by force or threats of an unlawful restraint, upon Plaintiff's freedom of movement by restricting his freedom of movement within his home for a number of hours.

(b)    All of the Defendants acted with the intention of confining Plaintiff within fixed boundaries;

(c)    The Defendants' act directly or indirectly resulted in confinement; and;

(d)    Plaintiff was conscious of the confinement and did not consent to such confinement at anytime.

57.    As a direct and proximate result of the conduct of the Defendants, Plaintiff suffered harm and damages, including but not limited to the aforesaid damages.

**WHEREFORE**, Plaintiff, HENRY STEENECK, demands judgment,

including interest, jointly and severally against all Defendants for general, compensatory

and punitive damages and further demands judgment for the costs of this action including

attorney's fees.

Dated: July 24, 2008                           Respectfully yours,
New York, New York

**ROGER L. FIDLER, ESQ.**
Attorney at Law (9997)
126 E. 83rd Street, Suite 3B
New York, NY 10028
Ph: (201) 670 – 0881
Fax: (201) 670 – 0888

14

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

HENRY FRED STEENECK, as Guardian Ad Iitem :
of HENRY WILLIAM STEENECK

                                     :   **CERTIFICATION OF**
                                       :       **SERVICE**

             Plaintiff,             :

                                         :   **Civil Action No.: 08 Civ. 6316**

           - against -           :

TOWN OF YORKTOWN, YORKTOWN POLICE :
DEPARTMENT, WESTCHESTER COUNTY,      :
WESTCHESTER COUNTY POLICE
DEPARTMENT and JANE and/or JOHN DOES   :
1-12, individually and in their official capacity,   :
jointly and severally,                   :

             Defendants.         :

Lauren Cannataro, being of full age, hereby certifies the following:

1. I am a paralegal employed at the Law Offices of Roger L. Fidler, the attorney for Plaintiff in the above-captioned matter.

2. On July 24, 2008, I sent one (1) copy of the Amended Complaint to each of the following parties by United States Postal Service, First Class Mail:

### Town of Yorktown
**ATTN:** Alice E. Roker, Town Clerk
363 Underhill Road.
Yorktown Heights, NY **10598**

### Town of Yorktown Police Department
Attn: Lieutenant Malan
Or Chief McMahon
2281 Crompond Road
Yorktown Heights NY 10598

3. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: July 24, 2008

                                        Lauren Cannataro